**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| LINDA TODD, individually and on behalf of a class, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) |
| STATE COLLECTION SERVICE, INC., A Wisconsin Company, | ) ) ) |
| Defendant. | ) |

**COMPLAINT-CLASS ACTION**

**INTRODUCTION**

1. Plaintiff Linda Todd, ("Plaintiff"), brings this action individually and on behalf of a class defined herein under the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA"), against Defendant State Collection Service, Inc. ("Defendant").

2. The Defendant debt collection agency called Plaintiff's cell phone number using automated telephony equipment that dialed the number after it was loaded into its telephony system. Defendant's calls placed to Plaintiff were accompanied with a prerecorded message with an artificial voice. The calls Defendant placed to Plaintiff were made without any prior express consent given by Plaintiff, the called party, thereby violating the TCPA.

3. Plaintiff also brings an individual action against Defendant who violated the Fair Debt Collection Practices Act, ("FDCPA"), specifically, 15 U.S.C. § 1692b(1), in that when asked by Plaintiff for Defendant's employee to identify the name of the company he was working for, declined to provide that information.

## JURISDICTION AND VENUE

4. This Court has jurisdiction under 28 U.S.C. § 1331 (Federal Question), 28 U.S.C. § 1692k(d) ("FDCPA"); and 47 U.S.C. § 227 ("TCPA") *Brill v. Countrywide Home Loans, Inc.,* 427 F.3d 446 (7th Cir. 2005), or alternatively on information and belief under the Class Action Fairness Act and there exists diversity of citizenship and the claims of the TCPA class are in excess of $5,000,000.

5. Venue and personal jurisdiction over Defendant in this District is proper because:

   a. Plaintiff resides in the District;

   b. Defendant transacts business in the District via the telephone lines;

   c. Defendant's collection activities complained of occurred within the District;

   d. Defendant has an office located at 628 North Street, Geneva, Illinois; and

   e. Defendant is a registered Collection Agency with the Illinois Department of Financial & Professional Regulation since 2001.

## PARTIES

6. Plaintiff is an individual who resides in the Northern District of Illinois.

7. Defendant State Collection Service, Inc., is incorporated under the laws of the State of Wisconsin. Service of Process can be made on Defendant in Illinois and its

registered agent and its name is CT Corporation System, 208 S. LaSalle Street, Suite 814, Chicago, Illinois 60604.

## FACTS

8. Plaintiff has a cellular telephone assigned the telephone number 773-XXX-2394. The middle three digits of Plaintiff's cellular telephone number are redacted herein for privacy considerations.

9. Plaintiff receives and makes calls from the cellular telephone number corresponding to 773-XXX-2394.

10. Plaintiff generally carries the cellular telephone assigned the telephone number 773-XXX-2394 on her person.

11. On information and belief, Defendant obtained the telephone number 773-XXX-2394 from a medical provider who treated her adult daughter, Brittney Todd.

12. As part of a patient intake form, Brittney Todd placed Plaintiff's number 773-XXX-2394 as an emergency contact.

13. Plaintiff did not provide consent to her daughter's original creditor or to Defendant to call the telephone number 773-XXX-2394.

14. The telephone number 773-XXX-2394 was loaded into Defendant's electronic database.

15. After obtaining the telephone number 773-XXX-2394, Defendant intended to call it.

16. Defendant intended to reach a person whose telephone number corresponded with 773-XXX-2394.

17. The telephone number 773-XXX-2394 was called by Defendant using a machine without any person actually pressing each of the 10-digits in the telephone number 773-XXX-2394.

18. Defendant uses Guaranteed Contacts Enhanced Multi-Vendor Protocol software manufactured by Ontario Systems Corporation.

19. Upon receiving an answer on an outbound call, the Guaranteed Contacts Enhanced Multi-Vendor Protocol software routes the call, with all account information available to Defendant, to the first available collector working in a specific dialing pool designated by Defendant.

20. The Guaranteed Contacts Enhanced Multi-Vendor Protocol software can also be set to detect answering machines and leave automated messages rather than giving the call to the first available attendant working in that specific dialing pool.

21. Defendant's machine dialed the telephone number 773-XXX-2394 using, on information and belief, a preprogrammed algorithm.

22. On information and belief Defendant's dialing machine is programmed to dial in sequence telephone numbers telephone numbers that have been imputed into a data base; in short the machine dials one number and then moves on to the next number in Defendant's database, not calling the same number over and over.

23. Defendant's machine that dialed the telephone number 773-XXX-2394 is capable of delivering a prerecorded message.

24. Defendant's machine that dialed the telephone number 773-XXX-2394 is capable of delivering a message using an artificial voice.

25. On information and belief, Defendant in calling the telephone number 773-XXX-2394 delivered a prerecorded message and/or using an artificial voice that states to the effect: If this is Brittney Todd, press one now. If not, press two. If this is Brittney Todd, press one now. If not, press two. We're sorry we did not get your response. Good-bye.

26. The name "Brittney Todd" as used in the message recited in the previous paragraph was an artificial voice inserted into the message using what is commonly known as Text-to-Speech technology.

27. Defendant uses a machine that is an "automatic telephone dialing system" under the Federal Communication Commission's ("FCC") interpretation of the TCPA.

28. Within the past year Defendant placed at lease one phone call to Plaintiff using a machine that is an "automatic telephone dialing system" under the FCC's interpretation of the TCPA.

29. On information and belief, Defendant called 773-XXX-2394 at least one time including but not limited to on or about August 22, 2011.

30. Defendant could have determined that the telephone number ending in 8483 that it dialed was a cellular telephone number. *See e.g.*, *In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991 Request of ACA International for Clarification and Declaratory Ruling*, GC Docket No. 02-278, p. 9 n. 54 (Jan 4, 2008) ("*See 2003 TCPA Order*, 18 FCC Rcd at 14117, para. 170. *See also* DMA Wireless Number Suppression List at http://preference.the-dma.org/products/wireless.shtml. Neustar also has available a service that provides data on numbers ported

from wireline to wireless service on a daily basis. *See* http://www.tcpacompliance.com/.").

31. The Association of Credit and Collection Professionals ("ACA International") has stated that, "[I]t is clear [the FDCPA and TCPA] apply to consumers and non-consumers. Therefore, collectors should take steps to scan their collection lists and ensure debt collectors are contacting the correct consumer."

32. ACA International has also concluded that, "[E]rroneously dialed numbers likely are not exempted from the [TCPA and FCC regulations] pertaining to autodialers and prerecorded messages. Thus, a debt collector may face liability under the TCPA and corresponding FCC regulations for autodialed and prerecorded message calls placed to the wrong individual.").

33. On October 14, 2011, Plaintiff called Defendant from the 773-XXX-2394 number.

34. Defendant's employee using the first name "Tom" answered the phone call.

35. Defendant's employee asked Plaintiff whether Plaintiff was Brittney Todd.

36. Plaintiff informed Defendant's employee that she was Brittney's mother.

37. Plaintiff informed Defendant's employee that the number Defendant called was a wrong number.

38. Defendant's employee during the conversation asked if Plaintiff knew the telephone number of Brittney's employer.

39. During the conversation, Plaintiff specifically asked Defendant's employee to identify the company that he was working for.

40. Defendant's employee declined to provide the name of the company that he was working for.

### COUNT I - TCPA VIOLATION – CLASS CLAIM

41. Plaintiff incorporates paragraphs 1-40 above.

42. The Telephone Consumer Protection Act, 47 U.S.C. § 227 provides in pertinent part:

> (b) Restrictions on use of automated telephone equipment.
>    (1) Prohibitions. It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States–
>       (A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice–
>    * * *
>       (iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call; . . .

43. Defendant's phone calls to Plaintiff and the Class' cellular telephones using automatic telephone dialing systems and/or an artificial or prerecorded voice, without express prior consent of the called party violated the TCPA.

44. 47 U.S.C. § 227(b)(3) provides:

> (3) Private right of action
> A person or entity may, if otherwise permitted by the laws or rules of court of a State, bring in an appropriate court of that State—
>    (A) an action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation,
>    (B) an action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater, or

   (C) both such actions.
If the court finds that the defendant willfully or knowingly violated this subsection or the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount available under subparagraph (B) of this paragraph.

45. Under the TCPA, Plaintiff is the "called party."

46. Under the TCPA, Plaintiff is "[a] person" seeking the private right of action available under 47 U.S.C. § 227(b)(3) and its subsections.

## TCPA CLASS ALLEGATION

47. Plaintiff brings this class action seeking damages on behalf of a class pursuant to FED. R. CIV. P. 23(a) and 23(b)(3).

48. Plaintiff also brings this class action seeking declaratory and injunctive relief to prohibit Defendant from placing future telephone calls with an automatic telephone dialing service and/or an artificial or prerecorded voice to persons who did not provide prior express consent for their cellular telephone number to be called by Defendant.

49. The class consists of: (a) all natural persons with a cellular telephone number (b) that was called by Defendant using an automatic dialer and/or using an artificial or prerecorded voice (c) where that person received at least one message (d) where Defendant's records indicate that the telephone number called was a wrong number (e) for a time period from October 17, 2007 to November 7, 2011 (f) where the cellular telephone service provider was T-Mobile at the time the phone call was placed.

50. There are questions of law and fact common to the members of the class, which common questions predominate over any questions relating to individual class members.

8

51. The predominant question is whether calling persons' cellular telephones with an artificial or prerecorded voice without prior express consent violated the TCPA.

52. The class is so numerous that joinder of all the members is impractical.

53. On information and belief, given that the nature of an automatic telephone dialing system is to reach a large volume of persons quickly, Defendant has called thousands of other cellular phone numbers using an automatic telephone dialing system, and a prerecorded voice over the last four years.

54. On information and belief there are 40 persons who are identified by the class definition above.

55. Plaintiff will fairly and adequately represent the members of the class.

56. Plaintiff has retained experienced counsel in TCPA matters and class action litigation.

57. A class action is superior for the fair and efficient adjudication of this matter in that:

    a. Defendant's course of conduct affects a large group of individuals;

    b. Multiple individual actions are not judicially economical; and

    c. The Class members are unaware that their rights have been violated.

**WHERFORE**, Plaintiff requests this Honorable Court to enter judgment against Defendant and for Plaintiff and the Class for:

    (1) Appropriate statutory damages under the TCPA;

    (2) Costs of litigation; and

   (3)  An injunction prohibiting defendant from future violations of the TCPA with respect to Plaintiff and the class, along with corresponding declaratory relief.

## COUNT II – FDCPA VIOLATION – INDIVIDUAL CLAIM

58. Plaintiff incorporates paragraphs 1-40 above

59. 15 U.S.C. §§ 1692b, b(1) provides:

> Any debt collector communicating with any person other than the consumer for the purpose of acquiring location information about the consumer shall—
>  (1) identify himself, state that he is confirming or correcting location information concerning the consumer, and, only if expressly requested, identify his employer;

60. Plaintiff expressly requested Defendant's employee to identify his employer.

61. Defendant's employee did not provide his employer's identity after Plaintiff requested it.

62. Defendant violated 15 U.S.C. § 1692b(1).

**WHERFORE**, Plaintiff requests this Honorable Court to enter judgment against Defendant for Plaintiff for:

   (1)  Appropriate statutory damages under the FDCPA; and

   (2)  Attorney's fees and costs of litigation.

   Respectfully submitted,

   s/ Curtis C. Warner
    Curtis C. Warner

Curtis C. Warner
Warner Law Firm, LLC
155 N. Michigan Ave. Ste. 560
Chicago, Illinois 60601
(312) 238-9820 (TEL)

### NOTICE OF LIEN

Please be advised that the Warner Law Firm, LLC claim a lien upon any recovery herein for 1/3 of that amount or such an amount as the Court awards.

                Respectfully submitted,

                s/ Curtis C. Warner
                   Curtis C. Warner

Curtis C. Warner
Warner Law Firm, LLC
155 N. Michigan Ave. Ste. 560
Chicago, Illinois 60601
(312) 238-9820 (TEL)

### DOCUMENT PRESERVATION DEMAND

Plaintiff hereby demands that Defendant preserves all telephone numbers and the names and addresses of the persons of those records where a telephone number called was reported a wrong number during the class time period. Plaintiff hereby also demands that Defendant preserves any voice message or other recording related to the telephone number 773-XXX-2394 involving the Brittney Todd account.

                s/ Curtis C. Warner
                   Curtis C. Warner

Curtis C. Warner
Warner Law Firm, LLC
155 N. Michigan Ave. Ste. 560
Chicago, Illinois 60601
(312) 238-9820 (TEL)