IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| LINDA TODD, individually and on behalf of a class, | ) ) ) | |
| | ) | 11 C 7334 |
| Plaintiff, | ) ) | Judge Manning |
| v. | ) ) | Magistrate Judge Cole |
| STATE COLLECTION SERVICE, INC., A Wisconsin Company, | ) ) ) | |
| Defendant. | ) ) | |

**PLAINTIFF'S MOTION FOR CLASS CERTIFICATION**

NOW COMES, Plaintiff Linda Todd ("Plaintiff"), individually and on behalf of a class defined herein by and through Plaintiff's counsel and requests this Honorable Court to enter an order determining that Plaintiff's claims under the Telephone Consumer Protection Act ("TCPA") may proceed as a class against Defendant State Collection Service, Inc. ("Defendant").

Plaintiff is filing its Motion for Class Certification contemporaneously with the Complaint to avoid the possibility that Defendant could tender an individual offer that would have the effect of mooting this matter. *Damasco v. Clearwire Corp.*, No. 10 CV 3063, 2010 U.S. Dist. LEXIS 91151 * 29 (N.D. Ill. Sept. 2, 2010) (Zagel, J) (*citing Holstein v. City of Chicago*, 29 F.3d 1145, 1147 (7th Cir. 1994) (finding an individual settlement offer to the named plaintiff in a class action prior to the filing of the class certification motion, moots the plaintiff's case) *appeal docketed*, No. 10-3934 (7th Cir. Dec. 12, 2010) *oral arguments* (7th Cir. Sept. 8, 2011); *Martin v. PPP*, 719 F. Supp. 2d 967, 977 (N.D. Ill. 2010) (Bucklo, J); *Barber v. Am. Airlines, Inc.*, 241 Ill. 2d 450, 457 (Ill. 2011).

In this matter, Plaintiff requests that this Honorable Court certify a class as follows:

(a) all natural persons with a cellular telephone number (b) that was called by Defendant using an automatic dialer and/or using an artificial or prerecorded voice (c) where that person received at least one message (d) where Defendant's records indicate that the telephone number called was a wrong number (e) for a time period from October 17, 2007 to November 7, 2011 (f) where the cellular telephone service provider was T-Mobile at the time the phone call was placed.

In support of this motion, Plaintiff states:

## NATURE OF THE CASE

1. Plaintiff's Complaint states that Defendant used an automatic dialer with a prerecorded message and an artificial voice to call Plaintiff's cellular telephone without Plaintiff's and the class members express prior consent in violation of the TCPA. In essence the TCPA class is comprised of persons like Plaintiff who were not the debtor, but that their cellular telephones were dialed anyway.

## CLASS CERTIFICATION REQUIREMENTS

2. All of the requirements of Rule 23(a), (b)(2) and (b)(3) are satisfied here.

3. Automated dialers are used to reach a large number of persons in a short period of time. Exhibit A

4. Survey research demonstrates that 7%-9% of the general public have cellular telephones only. Exhibits B & C.

5. T-Mobile states that as of February 2011, it has over 33 million U.S. customers. Exhibit D.

6. What is believed to be Defendant's message for Plaintiff indicates that there is the probability that Defendant dialed a number other than the person it intended to call.

2

7. Such statistics of the large number of customers help bolster the probability that numerosity for this national class action is met. Discovery will determine the actual number of persons in the class.

8. Therefore on information and belief there are more than 40 persons in the proposed class. Discovery from T-Mobile will determine the correct number of persons in the class.

9. There are questions of law and fact common to the class, which common questions predominate over any question relating to individual class members.

10. Here, the common questions of fact and law in Plaintiff's TCPA claim are whether Defendant used an automatic dialer with a prerecorded message and/or artificial voice and placed calls to cell phone numbers without the called party's express prior consent.

11. Injunctive relief is proper to stop Defendant from in the future from using its automatic dialer with a prerecorded message to call class members who have not provided express prior consent for Defendant's phone calls.

12. Plaintiff will fairly and adequately represent the class members and is aware of the claim brought on behalf of the class.

13. Plaintiff has also retained counsel experienced in consumer class action litigation. The declaration of Plaintiff's counsel Curtis C. Warner of Warner Law Firm, LLC, <u>Exhibit E</u>, is attached hereto.

14. A class action is superior for the fair and efficient adjudication of this matter, in that, individual actions are not economically feasible and embers of the class are likely to be unaware of their rights and the wrongs that has been committed by Defendant.

15. In further support of this motion, Plaintiff submits the accompanying

memorandum of law.

## CONCLUSION

WHEREFORE, for the reasons above and in Plaintiff's memorandum, Plaintiff requests this Honorable Court to certify the proposed class above, appoint Plaintiff as the class representative, and appoint Plaintiff's counsel as class counsel for the class as the requirements of Rules 23(a), (b)(2) and (b)(3) are satisfied.

                Respectfully submitted,

                s/ Curtis C. Warner
                  Curtis C. Warner

Curtis C. Warner
Warner Law Firm, LLC
155 N. Michigan Ave. Ste. 560
Chicago, Illinois 60601
(312) 238-9820 (TEL)
cwarner@warnerlawllc.com