IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| LINDA TODD, individually and on behalf of a class, | ) ) ) | |
| | ) | 11 C 7334 |
| Plaintiff, | ) ) | Judge Manning |
| v. | ) ) | Magistrate Judge Cole |
| STATE COLLECTION SERVICE, INC., A Wisconsin Company, | ) ) ) | |
| Defendant. | ) | |

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF CLASS CERTIFICATION**

**INTRODUCTION**

The Telephone Consumer Protection Act ("TCPA"), in pertinent part, prohibits any person, "to make any call . . . using any automatic telephone dialing system or an artificial or prerecorded voice" "to any telephone number assigned to a . . . cellular telephone service . . . ." 47 U.S.C. § 227(b)(1)(A)(iii). Defendant's prerecorded message with an artificial voice to Plaintiff's cell phone without her or any of the class member's prior express consent violated the TCPA.

**NATURE OF THE CASE**

Defendant using an automatic dialer and a prerecorded message with text-to-speech capabilities called Plaintiff's cell phone number. Plaintiff and each member of the proposed class did not authorize Defendant to place such an automated phone call to Plaintiff's cell phone. A predictive dialer places numerous phone calls in a short period of time without human intervention and can deliver a prerecorded message with an artificial voice as what is alleged here. Plaintiff alleges that Defendant's conduct violated the TCPA.

## ARGUMENT

TCPA cellular telephone cases are suited for class certification. *Balbarin v. North Star Capital Acquisition*, 2011 U.S. Dist. LEXIS 686 (N.D. Ill. Jan. 5, 2011) *motion for reconsideration denied* 2011 U.S. Dist. LEXIS 5763 (N.D. Ill. Jan. 21, 2011), *Rule 23f Petition*, CA No. 11-8004, *denied* (7th Cir. March 10, 2011); *Mitchem v. Illinois Collection Service*, 09 C 7274, 2010 LEXIS 76581 (N.D. Ill. July 29, 2010) *granting class certification* 271 F.R.D. 617 (N.D. Ill. 2011); *Fike v. The Bureaus, Inc.*, 09 C 2558, Doc. 121, Minute Order reflecting Finial Approval of Class Action Order (N.D. Ill. Dec. 1, 2010) (*granting final approval of* a nationwide cell phone TCPA class action); *Bellows v. NCO Fin. Sys.,* 2008 U.S. Dist. LEXIS 103525 (S.D. Cal. Dec. 10, 2008) (same).

The Seventh Circuit recently noted that class certification of TCPA cases is proper where the defined class members did not provide prior express consent for the alleged offending communication. *CE Design Ltd. v. King Architectural Metals, Inc.*, 637 F.3d 721 (7th Cir. 2011) ("We do not know whether any consumers received the faxed advertisements but if some did, and any of those who did clearly hadn't authorized King to fax advertisements to them (consumers do not subscribe to the *Blue Book*), one or more of them would be potential class representatives."). *Id.*, at 728. In *King Architectural*, the Court further stated:

> Another possibility, should CE be forced to abdicate as class representative, might be certification of separate classes: a class of recipients of King's faxed ads who are potentially subject to a defense of invitation or permission and a class of recipients who are not. The merits of the consent defense based on the terms of the *Blue Book* contract— win or lose—might well be suitable for determination on a classwide basis. [*Id.*]

As further demonstrated by the opinions of nine different district court judges and one magistrate judge, the trend in the Northern District of Illinois is to grant class certification in TCPA cases. *Hinman v. M & M Rental Ctr.*, 545 F. Supp. 2d 802, 808 (N.D. Ill. 2008) (Bucklo,

J.); *CE Design Ltd. v. Cy's Crabhouse North, Inc.*, 259 F.R.D. 135, 143 (N.D. Ill. 2009) (Kennelly, J.); *Clearbrook v. Rooflifters, LLC*, 2010 U.S. Dist. LEXIS 72902 (N.D. Ill. July 20, 2010) (Cox, M.J.); *G.M. Sign, Inc. v. Group C Communs., Inc.*, 08 C 4521, 2010 U.S. Dist. LEXIS 17843 * 16-17 (N.D. Ill. Feb. 25, 2010) (Darrah, J.); *Targin Sign Sys. v. Preferred Chiropractic Ctr., Ltd.*, 09 C 1399, 2010 U.S. Dist. LEXIS 4581 (N.D. Ill. Jan. 21, 2010) (Shadur, J.); *Holtzman v. Turza*, 08 C 2014, 2009 U.S. Dist. LEXIS 95620 * 1 (Oct. 14, 2009) (Gettleman, J.); *G.M. Sign, Inc. v. Finish Thompson, Inc.*, 2009 U.S. Dist. LEXIS 73869 * 20-21 (N.D. Ill. Aug. 20, 2009) (Kendall, J.); *Green v. Serv. Master on Location Servs. Corp.*, 2009 U.S. Dist. LEXIS 53297 * 10-11 (N.D. Ill. June 22, 2009) (Hibbler, J.); *G.M. Sign, Inc. v. Franklin Bank, S.S.B.*, 06 C 79827, 2008 U.S. Dist. LEXIS 79827 * 18-19 (N.D. Ill. Aug. 20, 2008) (Kocoras, J.); *Sadowski v. Med1 Online, LLC*, 07 C 2973, 2008 U.S. Dist. LEXIS 41766 * 4-5 (N.D. Ill. May 27, 2008) (Aspen, J).

The purpose of a class action is to promote judicial economy by avoiding duplicative suits against the same defendant, and to protect the rights of persons who may not be able to assert their claims on an individual basis. *Crown, Cork, & Seal Co. v. Parking*, 462 U.S. 345 (1983). As the United States Supreme Court has observed, "[c]lass actions serve an important function in our system of civil justice." *Gulf Oil Co. v. Bernard*, 452 U.S. 89, 99 (1981). "Class actions … permit the plaintiffs to pool claims which would be uneconomical to litigate individually * * * most of the plaintiffs would have no realistic day in court if a class action were not available." *Phillips Petroleum v. Shutts*, 472 U.S. 797, 808-809 (1985); *see also Mace v. Van Ru Credit Corp.*, 109 F.3d 338, 344 (7th Cir. 1977) (class actions aggregate "relatively paltry potential recoveries into something worth someone's (usually an attorney's) labor."); *Warcholek v. Medical Collections Sys.*, 241 F.R.D. 291, 296 (N.D. Ill. 2006) (finding that certifying a class in an

FDCPA matter where individual statutory damages up to $1,000 are available is superior as the defendants' "conduct would go otherwise unchallenged if a class was not certified").

While "[t]he court maintains broad discretion to determine whether a proposed class satisfies the requirements [it] should err in favor of maintaining class actions." *Rahman v. Chertoff*, 244 F.R.D. 443, 447 (N.D. Ill. 2007) (*citing King v. Kansas City S. Indus.*, 519 F.2d 20, 26 (7th Cir. 1975); *Patterson v. Gen. Motors Corp.*, 631 F.2d 476, 480 (7th Cir. 1980)).

In this matter, Plaintiff requests that this Honorable Court certify a class as follows:

(a) all natural persons with a cellular telephone number (b) that was called by Defendant using an automatic dialer and/or using an artificial or prerecorded voice (c) where that person received at least one message (d) where Defendant's records indicate that the telephone number called was a wrong number (e) for a time period from October 17, 2007 to November 7, 2011 (f) where the cellular telephone service provider was T-Mobile at the time the phone call was placed.

**A.      Rule 23(a)(1) - Numerosity**

To establish numerosity a plaintiff is, "not required to allege the exact number or identity of the class members." *Hinman*, 545 F. Supp 2d at 806. Furthermore, a plaintiff can use statistical percentages to establish numerosity "beyond mere speculation" that the size of the putative class is sufficiently large. *Rahman*, 244 F.R.D. at 450.

Survey research demonstrates that 7%-9% of the general public have cellular telephones only. Exhibits A & B[1]. Automated dialers are used to reach a large number of persons in a short period of time. Exhibit C. T-Mobile states that as of February 2011, it has over 33 million U.S. customers. Exhibit D. What is believed to be Defendant's message for Plaintiff indicates that there is the probability that Defendant dialed a number other than the person it intended to call. Such statistics of the large number of customers help bolster the probability that numerosity for this national class action is met. Discovery will determine the actual number of persons in the

---

[1] The Exhibits are attached to Plaintiff's Motion for Class Certification.

class. Therefore on information and belief there are more than 40 persons in the proposed class. Discovery from T-Mobile will determine the correct number of persons in the class.

An estimated class of more than 40 members satisfies the numerosity requirement   See *Swanson v. Am. Consumer Indus., Inc.*, 415 F.2d 1326, 1333 n. 9 (7th Cir. 1969) (40 members usually satisfies the numerosity requirement);  Alba Conte & Herbert B. Newberg, Newberg on Class Actions § 3:5 (4th ed. 2007) ("a good-faith estimate should be sufficient when the number of class members is not readily ascertainable.").

**B.      Rules 23(a)(2) and 23(b)(3) – Predominance of Common Questions of Law or Fact**

A common nucleus of operative facts is enough to satisfy the commonality requirement. *Rosario v. Livaditis,* 963 F.2d 1013, 1017 (7th Cir. 1992).  "A common nucleus is generally found when the defendant has engaged in standardized conduct towards the members of the proposed class."  *Cavin v. Home Loan Ctr., Inc.*, 236 F.R.D. 387, 392 (N.D. Ill. 2006) (*citing Keele,* 149 F.3d at 594; *McCabe v. Crawford & Co.,* 210 F.R.D. 631, 644 (N.D. Ill. 2002);  *Hinman*, 545 F. Supp. 2d at 806 ("Seventh Circuit precedent teaches that commonality and typicality are generally met where, as here, a defendant engages in a standardized course of conduct vis-a-vis the class members and plaintiffs' alleged injury arises out of that conduct.");  *Franklin v. City of Chicago*, 102 F.R.D. 944, 949 (N.D. Ill. 1984) (Where a question of law involves "standardized conduct of the defendants toward members of the proposed class, a common nucleus of operative facts is typically presented, and the commonality requirement . . . is usually met.").  When "at least one question of law or fact [is] common to the class," commonality is satisfied.  *Tylka v. Gerber Prods. Co.,* 178 F.R.D. 493, 496 (N.D. Ill. 1998).  Finally, "The commonality requirement has been characterized as a 'low hurdle' easily surmounted."  *Scholes v. Stone, McGuire & Benjamin*, 143 F.R.D. 181, 185 (N.D. Ill. 1992).

Here Defendant engaged in a common course of conduct towards Plaintiff and the proposed class members by dialing their cellular telephone numbers, using a prerecorded message with an artificial voice inserted, without the called party's express prior consent.

In a TCPA case the, "issue of consent is an affirmative defense, which does not defeat commonality or typicality." *Green*, 2009 U.S. Dist. LEXIS 53297 * 6 n. 2 (*citing Wagner v. Nutrasweet Co.*, 95 F.3d 527, 534 (7th Cir. 1996); *Finish Thompson, Inc.*, 2009 U.S. Dist. LEXIS 73869 * 13 (*citing De La Fuente v. Stokely-Van Camp, Inc.,* 713 F.2d 225, 232 (7th Cir. 1983)) (same); *Dunn v. City of Chicago,* 231 F.R.D. 367, 375-76 (N.D. Ill. 2005) ("the existence of individualized defenses does not preclude class certification."). Where the Defendant cannot show any evidence of prior express consent the class should be certified. *Garrett v. Ragle Dental Lab., Inc.*, 2010 U.S. Dist. LEXIS 108339 (N.D. Ill. Oct. 12, 2010) (Bucklo, J.) (certifying a class of persons to whom the offending fax was sent where the defendant could not show any evidence of express prior consent); *Clearbrook v. Rooflifters, LLC*, 2010 U.S. Dist. LEXIS 72902 (N.D. Ill. July 20, 2010) (Cox, M.J.) (certifying a class of persons who were sent unsolicited faxes).

Furthermore, the fact that each class member would know that they did not provide their original creditor to whom Defendant was tying to collect a debt for is, "precise objective criteria that would be within the personal knowledge of the potential class member." *Green*, 2009 U.S. Dist. LEXIS 53297 at * 10 (*quoting Sadowski*, 2008 U.S. Dist. LEXIS 41766, 2008 WL 2224892, at *5; (*G.M. Sign, Inc*. 2010 U.S. Dist. LEXIS 17843 at * 11-12) (same).

The focus of the commonality requirement is whether there exists "questions of law or fact common to the class." FED. R. CIV. P. 23(a)(2). As one court has noted, common questions of law and fact in a TCPA junk fax case are as follows:

> whether the faxes were advertisements; whether any of the recipients consented to the transmissions; whether defendant violated the TCPA by sending the fax to those

individuals who had not given consent; whether defendant violated the TCPA by failing to include an opt-out notice on the fax; whether class members are entitled to statutory damages; and whether defendant's acts were 'willful' or 'knowing' under the TCPA, thus entitling class members to treble damages.

*Holtzman,* 2009 U.S. Dist. LEXIS 95620 at * 13

Rule 23(b)(3) is met when "the questions of law or fact common to the members of the class predominate over any questions affecting only individual members." FED.R.CIV.P. 23(b)(3). The predominance requirement is met when a common factual link between the class members and defendants under which the law requires a remedy exists. *Smith v. Nike Retail Servs. Inc.* 234 F.R.D. 648, 666 (N.D. Ill. 2006); 7A Charles Alan Wright, et al., *Federal Practice and Procedure* § 1778, at 528 (2d ed. 1986) (Predominance is met "when common questions represent a significant aspect of the case and they can be resolved for all members of the class in a single adjudication, there is a clear justification for having the dispute on a representative rather than on an individual basis"). "Generally, when a class challenges a uniform policy or practice, the validity of the policy or practice tends to be the predominant issue in the ensuing litigation." *CE Design Ltd.*, 259 F.R.D. at 142 (*citing General Telephone Co. of Sw. v. Falcon*, 457 U.S. 147, 159 n.15, 102 S. Ct. 2364, 72 L. Ed. 2d 740 (1982)).

In the TCPA proposed class, the common questions of fact and law are whether Defendant violated the TCPA by making calls with a predictive dialer that delivered a prerecorded message to persons' cell phones without that called party's express prior consent. Because all the numbers at issue are wrong numbers, a person other than the party Defendant intended to call, logically none of these people would have given consent to Defendant's calls.

**C.     Rule 23(a)(3) Typicality**

Commonality and typicality requirements under Rule 23 are interrelated and often to overlap. *Hyderi v. Washington Mutual Bank, FA*, 235 F.R.D. 390, 396 (N.D. Ill. 2006). The

7

"typicality" requirement of Rule 23(a)(3) is satisfied for many of the same reasons that the "commonality" requirement of Rule 23(a)(3) is met. *De La Fuente*, 713 F.2d at 232. "A plaintiff's claim is typical if it arises from the same event or practice or course of conduct that gives rise to the claims of other class members and his or her claims are based on the same legal theory". *Id.* Rule 23(a)(3) requires that, "the claims or defenses of the representative parties are typical of the claims or defenses of the class." FED. R. CIV. P. 23(a)(3). Typicality, "should be determined with reference to [the defendant's] actions, not with respect to particularized defenses it might have against certain class members." *Wagner*, 95 F.3d at 534.

Typically is established in a TCPA class where a the "plaintiff brings the same TCPA claim that will be advanced by the class." *Holtzman,* 2009 U.S. Dist. LEXIS 95620 at * 13 (*citing Franklin Bank, S.S.B.*, 2008 U.S. Dist. LEXIS 79827). The analysis of typicality in a class action under the FDCPA, "focuses primarily, if not exclusively, on the conduct of debt collectors. . . ." *Keele v. Wexler*, *149 F.3d 289,* 395 (7th Cir. 1998)

Here Plaintiff's and the class' TCPA claim arise from Defendant using an automatic dialer with a prerecorded message and artificial voice to call their cellular telephone number without the called party's express prior consent. Thus, Plaintiff and the proposed class members have the same claim arising from Defendant's practice. Each member was subjected to the same conduct and all of the claims are based upon the same respective legal theories.

**D.    Rule 23(a)(4) – Adequacy of Representation**

Rule 23(a)(4)'s prerequisite consists of the following factors: (1) whether the plaintiffs' attorney is qualified, experienced, and generally able to conduct the proposed litigation; (2) whether the class representatives have interests that are antagonistic to the class; and (3) whether

the class representatives have a sufficient interest in the case to assure vigorous advocacy. *Retired Chicago Police Ass'n v. City of Chicago*, 7 F.3d 584, 598 (7th Cir. 1993).

"Adequacy" is met when the representative's interests are not antagonistic to or in conflict with those of the other class members. *Uhl v. Thoroughbred Tech. and Telecom., Inc.*, 309 F.3d 978, 985 (7th Cir. 2002). In a class action, "the class representative's role is limited." *Eggleston v. Chicago Journeymen Plumbers' Local Union No. 130*, 657 F.2d 890, 896 (7th Cir. 1981). An adequate class representative need only be conscientious and have a basic understanding of the litigation at hand. *Carbajal v. Capital One*, 219 F.R.D. 437, 442 (N.D. Ill. 2004). "[T]he standard for serving as class representative is not particularly demanding." *In re Ocean Bank*, 06 C 3515, 2007 U.S. Dist. LEXIS 29443 * 25 (N.D. Ill. Apr. 27, 2007). Plaintiff is aware of the TCPA class claim Plaintiff has asserted against Defendant. As such, Plaintiff is adequate and no antagonism exists between Plaintiff and the class members.

The second consideration in determining adequacy of representation is whether plaintiff's counsel is qualified, experienced, and able to conduct the proposed litigation. *Rosario*, 963 F.2d at 1018; FED. R. CIV. P. 23(g). Plaintiff's counsel Mr. Warner has specifically been found to be adequate class counsel meeting the requirements of Rule 23(a)(4). *Cavin v. Home Loan Center, Inc.* 236 F.R.D 387, 395 (N.D. Ill. 2006) ("The Court finds that Mr. Warner [is]. . . 'experienced, competent, qualified and able to conduct the litigation vigorously'"). *Id*. at 395. Furthermore, "[t]he fact that attorneys have been found adequate in other cases 'is persuasive evidence that they will be adequate again.'" *Morris v. Risk Mgmt. Alternatives, Inc.*, 203 F.R.D. 336, 344 (N.D. Ill. 2001) (*quoting Gomez v. Illinois State Bd. Of Ed.*, 117 F.R.D. 394, 401 (N.D. Ill. 1987)). Plaintiff's counsel submits the declarations of Curtis C. Warner, <u>Exhibit E</u> in support of Plaintiff's counsel's adequacy.

9

**E.     RULE 23(b)(3) - Superiority**

The "resolution of the [TCPA] issues on a classwide basis, rather than in thousands of individual lawsuits would be an efficient use of both judicial and party resources." *Hinman*, 545 F. Supp. 2d at 808. TCPA classes are to be certified because, "A large number of potential class members have the same claim under the same statute, and each claim has a small potential recovery. Class actions were designed for these types of claims." *Group C Communs., Inc.*, 2010 U.S. Dist. LEXIS 17843 * 16 (*quoting Murray v. GMAC Mortgage Corp.*, 434 F.3d 948, 953 (7th Cir. 2006) ("'Rule 23(b) was designed for situations . . . in which the potential recovery is too slight to support individual suits, but injury is substantial in the aggregate.'"). Reliance on the rare individual willing to incur the time and expense of seeking the small damages available is not sufficient to ensure that, "it ought not to be cheaper to violate the Act and be sued than to comply with the statutory requirements." *Bueno v. Mattner*, 633 F. Sup. 1446, 1467 (W.D. Mich. 1986) (*quoting Beliz v. W.H. McLeod & Sons Packing Co.,* 765 F.2d 1317, 1332-33 (5th Cir. 1985)).

Finally, certifying a class is the "superior" way when the "'class action would achieve economies of time, effort, and expense, and promote … uniformity of decision as to persons similarly situated, without sacrificing procedural fairness or bringing about other undesirable results.'" *Amchem Prods. v. Windsor,* 521 U.S. 591, 615 (1997) (*quoting* Adv. Comm. Notes, 28 U.S.C. App., at 697); *Scholes,* 143 F.R.D. at 183 ("Equally important, judicial economy and efficiency, as well as consistent judgments, are achieved by certifying the class.").

**F.     Rule 23(b)(2) – TCPA Injunctive Class**

Rule 23(b)(2) provides, "the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole[.]" FED. R. CIV. P. 23(b)(2). Here

the injunctive class is comprised of persons who for a four year time period Defendant called using an automatic dialer with a prerecorded message to their cell phones where no prior express consent existed from the called party. Plaintiff seeks injunctive class relief to prevent Defendant from making future calls to wrong numbers using its automatic dialer with a prerecorded message where no prior express consent to call that called party on their cellular telephone exists.

## CONCLUSION

WHEREFORE, for the reasons above and in Plaintiff's motion, Plaintiff requests this Honorable Court to certify the TCPA class, appoint Plaintiff as the class representative, and appoint Plaintiff's counsel as counsel for the class because the requirements of Rules 23(a), (b)(2) and (b)(3) are satisfied.

    Respectfully submitted,

    s/ Curtis C. Warner
      Curtis C. Warner

Curtis C. Warner
Warner Law Firm, LLC
Millennium Park Plaza
155 N. Michigan Ave. Ste. 560
Chicago, Illinois 60601
(312) 238-9820 (TEL)