**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| LINDA TODD, individually and on behalf of a class, | ) ) ) | |
| Plaintiff, | ) ) ) | 11 C 7334 |
| v. | ) ) ) | Judge Manning |
| STATE COLLECTION SERVICE, INC., A Wisconsin Company, | ) ) ) ) | Magistrate Judge Cole |
| Defendant. | ) | |

**JOINT STATUS REPORT**

**A.    Nature of the case**

**(1)    Bases for jurisdiction, nature of the claims and counterclaims**

This Court has jurisdiction under 28 U.S.C. § 1331 (Federal Question), 47 U.S.C. § 227 (Telephone Consumer Protection Act "TCPA"). *Brill v. Countrywide Home Loans, Inc.,* 427 F.3d 446 (7th Cir. 2005), or alternatively on information and belief under the Class Action Fairness Act and there exists diversity of citizenship and the claims of the TCPA class are in excess of $5,000,000. Plaintiff alleges individually and on behalf of a class a violation of the TCPA for calling Plaintiff's cell phone without prior express consent.[1] Defendant disputes that this Court has jurisdiction over Plaintiff's TCPA case but acknowledges that *Brill* currently controls.

**(2)    Relief sought by plaintiff, including computation of claimed damages**

Plaintiff is seeking individually and on behalf of a class $500 per phone call placed by Defendant using an automatic dialer under the Telephone Consumer Protection Act and costs. Plaintiff is also seeking up to $1,000 in statutory damages under the FDCPA, along with attorney's fees and costs.

**(3)    Names of any parties that have not been served.** All parties named in the Complaint have been served.

**(4)    Major legal issues**

---

[1] Plaintiff also brought an individual claim alleging a violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692b(1), and will consider whether it appropriate to dismiss or amend the claim under the FDCPA after being provided a copy of the conversation between Plaintiff and Defendant which is believed to have been recorded by Defendant.

**Plaintiff's Position**: As stated in the Complaint, Plaintiff did not provide her telephone number to the original creditor of her adult daughter and therefore under the FCC Order as the called party did not give prior express consent. Case law from the Northern District of Illinois, as listed below, is clear that consent under the TCPA must come from the party that is called. Furthermore, although the identity of the creditor has not been disclosed by Defendant, Plaintiff argues that she constructively provided notice that her cell phone was not to be called regarding her adult daughter's debt. *Linda Todd v. North American Credit Services, Inc.*, 11 C 1591, Doc. 1, Complaint (N.D. Ill. Mar. 7, 2011) (TCPA suit over message left on Linda Todd's cell phone alleging there was no consent to call that number).

Second, whether Defendant's dialers are "automatic telephone dialing systems" subject to the TCPA is only one situation where liability under the TCPA can be found. However here, the messages left by Defendant on Plaintiff's cell phone were prerecorded and included an artificial voice, which is sufficient to trigger liability under the TCPA. 47 U.S.C. ¶ 227(b)(1)(A).

**Defendant's Position:** Defendant's Motion to Dismiss argues that it had consent to call the subject telephone number because that number was listed on a medical intake form by Plaintiff's adult daughter as the contact number for Plaintiff's adult daughter. Accordingly, it was permissible to call that number. Defendant things it is suspect that Plaintiff claims to have been called in violation of the TCPA when her own daughter provided the number. Defendant's Motion to Dismiss also identifies the fact that the so-called "called party" theory of liability that Plaintiff is advocating is now on petition for interlocutory appeal before the Seventh Circuit. As to the alleged FDCPA claim, the alleged failure of the collector to identify his employer does not constitute a violation of the FDCPA because "Location information" is defined as "a consumer's place of abode and his telephone number at such place, or his place of employment." 15 U.S.C. § 1692a(7).

(5) **Major Factual Issues**
**Plaintiff's Position**: The identity of the original creditor of the debt Defendant was attempting to collect and that original creditor's records. Whether the debt Defendant was attempting to collect here was the same debt at issue in *Linda Todd v. North American Credit Services, Inc.*, 11 C 1591, Doc. 1, Complaint (N.D. Ill. Mar. 7, 2011). Defendant's automatic dialer system and the messages that it has the capacity to deliver. The conversation between Plaintiff and Defendant.

**Defendant's Position:** Defendant's Motion to Dismiss argues that it had consent to call the subject telephone number because that number was listed on a medical intake form by Plaintiff's adult daughter as the contact number for Plaintiff's adult daughter. Accordingly, it was permissible to call that number. Defendant things it is suspect that Plaintiff claims to have been called in violation of the TCPA when her own daughter provided the number. Defendant believes that it is immaterial whether Plaintiff filed a prior lawsuit as her daughter provided consent to call the number in question. Further, as to the FDCPA claim, the subject collector did not ask for the name of the debtor's place of work.

(6) **Citations to key authorities which will assist the Court in understanding and ruling on the issues**

**Plaintiff's Position:** Telephone Consumer Protection Act, 47 U.S.C. § 227("TCPA"); *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991,* 23 FFC Rcd. 559 (2008)*; D.G. v. William W. Siegel & Assocs.*, --- F. Supp. 2d. --- 2011 U.S. Dist. LEXIS 63298, 2011 WL 2356390 (N.D. Ill. 2011) (Kocoras, J); *Soppett v. Enhanced Recovery Co.,* 10 C 5469, 2011 U.S. Dist. LEXIS 92888, 2011 WL 3704681 (N.D. Ill. Aug. 21, 2011) (Kennelly, J.); *Tang v. Medical Recovery Specialists, LLC*, 11 C 2109, Doc. 25, Slip Op. (N.D. Ill. July 7, 2010) (Holderman, C.J.); *D.G. v. Diversified Adjustment Service, Inc.*, 11 C 2062, Doc. 31, Slip. Op. (N.D. Ill. Oct. 18, 2011) (Lefkow, J.)*; Powell v. West Asset Management, Inc.,* 773 F. Supp. 2d 761 (N.D. Ill. 2011); *Sengenberger v. Credit Control Svcs.*, Inc., 09 C 2796, 2010 U.S. Dist. LEXIS 43874 * 4-5, 10 (N.D. Ill., May 5, 2010) *reconsideration granted by, Adhered to* 2010 U.S. Dist. LEXIS 142528 (N.D. Ill. June 17, 2010); *Edeh v. Midland Credit Management, Inc*., 2010 WL 3893604, 2010 U.S. Dist. LEXIS 103888 (D. Minn., Sept. 29, 2010); *Kane v. National Action Financial Services, Inc*, 11-cv-11505-SJM-MKM, Slip Op. Doc. 12, (E.D. Mich. Nov. 7, 2011); 15 U.S.C. §§ 1692a(7), 1692b, b(1).

**Defendant's Position:** The Federal Communication Commission's Declaratory Ruling, No. 07-232, ¶ 9; *Leyse v. Bank of America, Nat. Ass'n*, 2010 WL 2382400, *4 (S.D. N.Y. 2010); *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 23 FCC Rcd. 559, 564 at ¶ 9; *Soppet* Petition For Interrolucotry Appeal (attached to Def's Motion to Dismiss; *Sengenberger v. Credit Control Services, Inc.*, 2010 WL 1791270, *3 (N.D. Ill. 2010); *Gutierrez v. Barclays Group*, 2011 WL 579238, *2 (S.D. Cal. 2011); *Cunningham v. Credit Management, L.P.*, 2010 WL 3791104, *4-5 (N.D. Tex. 2010); *Pugliese v. Professional Recovery Service, Inc.*, 2010 WL 2632562, *7 (E.D. Mich. 2010); *Starkey*, 2010 WL 2541756 at *3; *Pollock v. Bay Area Credit Service, LLC*, 2009 WL 2475167, *9-10 (S.D. Fla. 2009); *Bates v. I.C. System, Inc.*, 2009 WL 3459740, *2 (W.D. N.Y. 2009); *Anderson v. AFNI, Inc.*, 2011 WL 1808779 (E.D. Pa. 2011).

**B.** **Outline of the scheduling order required by Fed. R. Civ. P. 16(b)**
1. Parties are to exchange initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1) by December 19, 2011.
2. The deadline for parties to amend the pleadings or join other parties is March 16, 2012.
3. All discovery will be commenced in time to be completed by June 22, 2012.
4. The parties' dispositive motions should be filed by July 23, 2012.

**C.** **Trial Status**
1. Trial by jury has not been requested.
2. The parties estimate that the case should be ready for trial by December 10, 2012, and at this time is expected to take approximately 2 days.

**D.** **Consent to Proceed Before a Magistrate Judge**
Parties do not presently consent to proceed before a Magistrate Judge for all proceedings including trial.

Respectfully submitted,

s/ James C. Vlahakis (with consent)
James C. Vlahakis
222 North LaSalle Street, Suite 300
Chicago, Illinois 60601
(312) 704-3000 (TEL)
*Counsel for Defendant*

s/ Curtis C. Warner
Curtis C. Warner
Warner Law Firm, LLC
155 N. Michigan Ave. Ste. 560
Chicago, Illinois 60601
(312) 238-9820 (TEL)

John P. Mounce
Mounce Law, LLC
1440 N. Lake Shore Dr. #29F
Chicago, Illinois 60610
(312) 999-0008 (TEL)
*Counsel for Plaintiff*

**CERTIFICATE OF SERVICE**

I, Curtis C. Warner, hereby certify that on **December 1, 2011**, I filed electronically **the Joint Status Report above,** along with the Notice of Motion thereof using the Court's CM/ECF system, which automatically will send notice to those parties who have appeared and are so registered:

s/ Curtis C. Warner
Curtis C. Warner

Warner Law Firm, LLC
155 N. Michigan Ave. Ste. 560
Chicago, Illinois 60601
(312) 238-9820 (TEL)

4